J. P. SINK et al., Appellants, v. H. L. LOFLIN, Respondent.

Kansas City Court of Appeals, November 7, 1898.

1. **Chattel Mortgages**: AUTHORITY OF MORTAGEE: PAYMENT OF DEBT: RÉPLEVIN. A chattel mortgage given to secure certain sureties is held by its terms to authorize the mortgagees on the default in payment to take possession of the property and sell the same and pay the debt out of the proceeds, and they can maintain replevin on refusal to deliver possession.

2. ————: FRAUDULENT CONVEYANCES: ESTOPPEL. Though the mortgagor make a chattel mortgage to hinder and delay his other creditors, he can not in replevin by the mortgagee be heard to plead such fact in defense.

*Appeal from the Pettis Circuit Court.*—HON. G. F. LONGAN, Judge.

REVERSED AND REMANDED.

BARNETT & BARNETT for appellants.

(1) The chattel mortgage in this case is not one merely of indemnity, but a mortgage to provide a fund

or means of paying the debts.   It was not a mortgage merely to save harmless the plaintiffs, but was an absolute covenant to pay the debts mentioned therein, on which plaintiffs were sureties.   Therefore, as soon as default in the payment of such debts or any of them accrues, the plaintiff's right of action accrues without having first paid the debts or any part thereof.   Fontaine v. Lumber Co., 109 Mo. 59, 60; Rowsey v. Lynch, 61 Mo. 560; Ham v. Hill, 29 Mo. 275; Gunel v. Cue, Adm'r, 72 Ind. 34, and authorities there cited; Bank v. Bigler, 83 N. Y. 51.   (2)  The grantor in a mortgage can not be heard to complain that his mortgage was made to shelter, hinder or delay creditors.   Crook v. Tull, 111 Mo. 283; Roan v. Winn, 93 Mo. 511; Zoll v. Sopher, 75 Mo. 460; Jackman v. Robinson, 64 Mo. 289; Merry v. Freeman, 44 Mo. 518.   (3)  The delivery for record of a deed will be deemed a delivery to the grantee, and will operate by presumed assent, until dissent is shown.   Here there is no evidence that Sink ever dissented, but on the contrary, requested that the mortgage be filed for record.   Kane v. McCowan, 55 Mo. 181; Gorman v. Stanton, 5 Mo. App. 585; Lumber Co. v. Anderson, 13 Mo. App. 429; Fischer Leaf Co. v. Whipple, 51 Mo. App. 181.

JOHN CASHMAN and SANGREE & LAMM for respondent.

(1)  Plaintiffs' petition states no cause of action at all.   To say, merely, that plaintiffs were entitled to the possession of specific personal property is not pleading facts, but a mere conclusion, and the petition is so much waste paper.   Plaintiffs' predicament was made no better by the amendment, at the close of the case, to the effect that they were "owners and entitled to the, etc."   They were claiming under a

mortgage, and not as absolute owners, hence, the amendment was not in conformity to the facts proved. R. S., 1889, sec. 2098. It seems the settled law of this state that if plaintiffs claim possession in replevin, under and by virtue of a chattel mortgage, they should say so, so that appropriate issues can be framed. Benedict Co. v. Jones, 60 Mo. App. 219; Dillard v. McClure, 64 Mo. App. 488; R. S., 1889, secs. 6184, 6188; Hickman v. Dill, 32 Mo. App. 509 (518 and *post*); Boutell v. Warne, 62 Mo. 350. (2) The law will not lend its aid to enforce a contract confessedly abhorrent to good morals and public policy. It is true that when such contract is fully executed and performed, the law will let all parties to it lie in the bed they made for themselves, but such is not our case. Here, the aid of the law is actively invoked to carry out, enforce and perform the contract. Under the conceded facts of this case, plaintiffs can not recover on their immoral and illegal mortgage. Tyler v. Larimore, 19 Mo. App. 445; Hamilton v. Sculls, Adm'r, 25 Mo. 165; Fenton v. Ham, 35 Mo. 409; Taylor v. Von Schrader, 107 Mo. 206; Mitchell v. Henley, 110 Mo. 598, 604. (3) But there was substantial evidence that the mortgage never was delivered and never was intended to be delivered. Such issue was properly for the jury. Cravens v. Rossiter, 116 Mo. 338. (4) This mortgage, as shown by its terms, and as interpreted in the light of all the surrounding and controlling circumstances, both before and after its execution, could only be considered one of indemnity. Under such mortgage, a surety must suffer loss or damage before he can recover under his security. This is the law in Missouri, whatever it may be elsewhere. Stonebraker v. Ford, 81 Mo. 532; Patterson v. Camden, 25 Mo. 514; The Huse, etc., Co. v.

Heinze, 102 Mo. 245; Davis v. Hendrix, 59 Mo. App. 445; Edwards v. Smith, 63 Mo. 119.

ELLISON, J.—This action is replevin. Defendant prevailed in the trial court. The plaintiffs' case is based on a chattel mortgage executed to them by defendant. The plaintiffs were sureties for defendant on notes executed by him. The mortgage recites that: "In consideration of the sum of one thousand and two hundred dollars, to me paid by the Sedalia Bank, $400, and Houstonia Bank, $560, Wm. Smith, $225 and Concordia Bank, $146, do sell, assign, transfer and set over unto J. P. Sink and P. A. Bodenheimer, their executors, administrators and assigns, my securities for the above amounts the following property, to wit (describing property).

"Upon condition that if I pay the said indebtedness indorsed by said J. P. Sink and P. A. Bodenheimer, their executors and administrators, and assigns, then this conveyance shall be void, otherwise to remain in full force and effect.    *    *    *

"The property hereby sold and conveyed to remain in my possession until default be made in the payment of said debt and interest, or some part thereof.    *    *    *

"Upon taking possession of said property, or any part thereof either in case of default, or as above provided, the said parties or their legal representatives may proceed to sell the same or any part thereof at public auction    *    *    *    and after satisfying the necessary costs, charges and expenses incurred by same, and paying said debt and interest out of the proceeds of such sales, they shall pay over the surplus, if any, to me or my legal representative."

The provisions just quoted show a clear conveyance of the property to plaintiffs, which was to become

Sink v. Loflin.

void if defendant paid the debts men-
*Chattel mort-gage: authority of mortgagee: payment of debt: replevin.* tioned and for which plaintiffs were his sureties. If he did not pay such debts when due, then the mortgage not only gave to plaintiffs the legal title, but specially authorized them to take possession of the property. Such is the plain intent of the mortgage and plaintiffs were entitled to maintain the action regardless of whether they had paid anything on the indebtedness. Indeed, if we confine ourselves to the terms of the mortgage, plaintiffs were first to take possession of the property, sell it and pay the debts out of the proceeds.

So, conceding that under the terms of the mortgage there was no absolute promise by defendant to pay the debts, it was nevertheless an express conveyance of the legal title to plaintiffs *if he did not pay*, on which they could recover possession.

But it seems to have been regarded that if defendant's object in executing the mortgage and plaintiffs' in accepting it was to hinder, delay or de-
*——: fraudulent conveyances: estoppel.* fraud other creditors of defendant's that it disabled plaintiffs from recovering. There is no room for application of such rule here. The defendant is himself the grantor and he can not be heard to say in his defense that he made the deed to defraud other creditors. If other creditors were taking part in the case a different question would be presented.

We think the petition states a cause of action and that it was proper for the trial court to permit the amendment made.

There does not seem to be any legal ground to base the contention that there was no delivery of the mortgage. The court's instruction in plaintiffs' behalf in this respect was correct.

The judgment is reversed and cause remanded. All concur.